**United States Bankruptcy Court**
**Western District of Virginia, Harrisonburg Division**

**IN RE:**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. **10-51012**
**Kesner, Eric K & Kesner, Danette G**　　　　　　　　　　　　　　　　　Chapter **13**
Debtor(s)

**CHAPTER 13 PLAN AND RELATED MOTIONS**

This plan, dated **August 27, 2010**, is:

☒ the first Chapter 13 plan filed in this case.
☐ a modified Plan that replaces the
　　☐ confirmed or ☐ unconfirmed Plan dated _____ .

Date and Time of Modified Plan Confirmation Hearing:

Place of Modified Plan Confirmation Hearing:

The plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

　　Total Assets: $ **218,724.00**
　　Total Non-Priority Unsecured Debt: $ **66,103.84**
　　Total Priority Debt: $ **0.00**
　　Total Secured Debt: $ **323,320.61**

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ **515.00** per **month** for **60** months. Other payments to the Trustee are as follows:

　　The total amount to be paid into the Plan is $ **30,900.00** .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.
　　**A. Administrative Claims under 11 U.S.C. § 1326.**
　　　　1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
　　　　2. Debtor(s)' attorney will be paid $ **1,500.00** balance due of the total fee of $ **2,250.00** concurrently with or prior to the payments to remaining creditors.
　　**B. Claims under 11 U.S.C. §507.**
　　The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **None** | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection**

**Payments, and Payment of certain Secured Claims.**

**A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Estimated Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Capital One Auto Finance** | **2007 Toyota Yaris** | **06/20/2007** | 9970.38 | **5,440.00** |

**B. Real or Personal Property to be Surrendered.** Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **None** | | | |

**C. Adequate Protection Payments.** The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Capital One Auto Finance** | Touota Yaris | $54.40 | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):** This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. Of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **Capital One Auto Finance** | **2007 Toyota Yaris** | **5440** | **4.25%** | **433.17**<br>**15 mos** |

**E. Other Debts.** Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

   **A. Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **0.02** %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0.00** %.

   **B. Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **None** | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Citi Mortgage** | Residence: 991 Seldon Drive Strasburg VA | **1,890.21** | **19,789.07** | **0.00%** | **4-46** | **460.21** |

    B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | MonthlyPayment on Arreargae & Est. Term |
|---|---|---|---|---|---|
| **None** | | | | | |

    C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **None** | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **None** | |

    B. **Executory Contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **AT&T** | **Cell Phone Contract; expires 4/12** | $0 | N/A | N/A |
| **Dish Network** | **TV Service; contract expires 1/12** | $0 | N/A | N/A |

7. **Liens Which Debtor(s) Seek to Avoid.**

    A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| **None** | | | | |

**B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| GMAC Mortgage | 2nd Trust | Residence | 11 USC 506(d) |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

Dated: **August 27, 2010**               */s/ Eric K Kesner*
                                          Debtor
*/s/ Daniel M. Press*                    */s/ Danette G Kesner*
Debtor(s)' Attorney                       Joint Debtor

**Chung & Press, PC
6718 Whittier Ave Suite 200
McLean, VA  22101
(703) 734-3800**

Exhibits:     Copy of Debtor(s)' Budget (Schedules I and J);
              Matrix of Parties Served with plan

Certificate of Service

I certify that on **August 27, 2010**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

*/s/ Daniel M. Press*
Signature

**Chung & Press, PC
6718 Whittier Ave Suite 200
McLean, VA  22101
(703) 734-3800  Fax: (703) 734-059**

Ver. 09/17/09 [effective 12/01/09]

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0423-5<br>Case 10-51012<br>Western District of Virginia<br>Harrisonburg<br>Wed Aug 25 18:34:53 EDT 2010 | CR Evergreen, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, Fl 33131-1605 |
| CitiMortgage, Inc.<br>P O Box 6941<br>The Lakes, NV 88901-6941 | AT&T<br>PO Box 536216<br>Atlanta, GA 30353-6216 | Advance America<br>2124 South Pleasant Valley Road<br>Winchester, VA 22601-7003 |
| Afni<br>P.O. Box 3097<br>Bloomington, IL 61702-3097 | Afni Inc.<br>P.O. Box 20939<br>Ferndale, MI 48220-0939 | American Medical Collection Agency<br>P.O. Box 1235<br>Elmsford, NY 10523-0935 |
| (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 | BB&T Recovery Department<br>P.O. Box 1489<br>Lumberton, NC 28359-1489 | Bass And Associates/United Recovery Syst<br>3936 E. Fort Lowell Road, Ste. 200<br>Tucson, AZ 85712-1083 |
| Bill Me Later<br>P.O. Box 105658<br>Atlanta, GA 30348-5658 | CANDICA L.L.C.<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | CFW Collections<br>19 N. Washington St.<br>Winchester, VA 22601-4109 |
| Capital Management Services, LP<br>726 Exchange Street, Ste. 700<br>Buffalo, NY 14210-1464 | Capital One Auto Finance<br>P.O. Box 60511<br>City Of Industry, CA 91716-0511 | Capital One Bank<br>P.O. Box 71083<br>Charlotte, NC 28272-1083 |
| Capital One Bank (USA), N.A.<br>by American Infosource Lp As Agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Care Credit/GE Money Bank<br>P.O. Box 960061<br>Orlando, FL 32896-0061 | Chase Bank USA<br>Cardmember Services<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 |
| Chase Bank USA,N.A<br>c/o Creditors Bankruptcy Service<br>P O Box 740933<br>Dallas,Tx 75374-0933 | Chesapeake Credit Inc.<br>4920 Niagra Road, Ste. 314<br>College Park, MD 20740-1175 | Citi Mastercard<br>P.O. Box 183051<br>Columbus, OH 43218-3051 |
| Citi Mortgage<br>P.O. Box 9438<br>Gaithersburg, MD 20898-9438 | Credit Collections U.S.A.<br>P.O. Box 873<br>Morgantown, WV 26507-0873 | Credit Control Corporation<br>P.O. Box 120568<br>Newport News, VA 23612-0568 |
| Credit Control Corporation<br>P.O. Box 120570<br>Newport News, VA 23612-0570 | Creditors Collection Service<br>P.O. Box 21504<br>Roanoke, VA 24018-0152 | Dell Financial Services<br>P.O. Box 6403<br>Carol Stream, IL 60197-6403 |

| | | |
|---|---|---|
| Discover Bank<br>Dfs Services LLC<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Card<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 | Dish Network/Afni Inc.<br>Dept. 0063<br>Palantine, IL 60055-0001 |
| Dominion Law Associates<br>P.O. Box 62719<br>Virginia Beach, VA 23466-2719 | Donald G. Hope, MD<br>3016 William Downe<br>Fairfax, VA  22031 | Donald G. Hope, MD<br>Perry and Associates<br>10400 Eaton Place, Suite 420<br>Fairfax VA 22030-2208 |
| Dr. Edward Amos<br>1002-A Amherst Street<br>Winchester, VA 22601-3323 | Dr. John Ehreth<br>8707 Digges Road<br>Manassas, VA 20110-4403 | Fairfax Radiological Consultants PC<br>P.O. Box 3650<br>Merrifield, VA 22116-3650 |
| GE Money Bank/Lowes<br>P.O. Box 530914<br>Atlanta, GA 30353-0914 | GMAC Mortgage<br>1100 Virginia Avenue<br>Ft. Washington, PA 19034-3204 | Gabriel Gluck, M.D., PC<br>8702 Sudley Road<br>Manassas, VA 20110-4405 |
| Home Depot Credit Services<br>P.O. Box 653000<br>Dallas, TX  75265-3000 | Infectious Diseases Specialists Of VA<br>3700 Joseph Siewick Dr. Ste. 209<br>Fairfax, VA 22033-1738 | J.L. Watson & Associates, Inc.<br>326 S. Main Street<br>Emporia, VA 23847-2028 |
| Joseph Contrucci, PL<br>P.O. Drawer 400<br>Gainesville, VA  20156-0400 | Jula Kesner<br>HC 63 Box 1280<br>Romney, WV 26757-9711 | Kohls<br>P.O. Box 2983<br>Milwaukee, WI 53201-2983 |
| Kuykendall & Kuykendall, PC<br>PO Box 2730<br>Winchester, VA  22604 | Lab Corp Of America<br>P.O. Box 2240<br>Burlington, NC 27216-2240 | Mortgage Electronic Registration Systems<br>1818 Liberty Street Ste 300<br>Reston, VA  20190 |
| Musician's Friend/ HSBC Retail Services<br>P.O. Box 4144<br>Carol Stream, IL 60197-4144 | NCO Financial Systems Inc.<br>P.O. Box 12100,  DEPT 64<br>Trenton, NJ 08650-2100 | NCO Financial Systems Inc.<br>P.O. Box 15630,  Dept.72<br>Wilmington, DE 19850-5630 |
| National Capital Management, LLC.<br>8245 Tournament Drive<br>Suite 230<br>Memphis, TN 38125-1741<br>USA | Nationwide Credit Corporation<br>P.O. Box 1022<br>Wixom, MI  48393-1022 | Neurologic Associales PLC<br>136 Linden Drive, Suite 104<br>Winchester, VA 22601-6900 |
| Neuroscience Consultants PLC<br>P.O. Box 79429<br>Baltimore, MD 21279-0429 | Nhon H. Nguyen, Esq.<br>Schettine & Nguyen, PLC<br>10 South 23rd Street<br>Richmond, VA 23223-7814 | (p)PERRY AND ASSOCIATES<br>10400 EATON PLACE SUITE 420<br>FAIRFAX VA 22030-2208 |

| | | |
|---|---|---|
| Prince William Hospital<br>P.O. Box 2004<br>Merrifield, VA 22116-2004 | Progressive Management Systems<br>P.O. Box 2220<br>West Covina, CA 91793-2220 | RMH Physician Billing Service<br>Schettine & Nguyen, PLC<br>10 South 23rd Street<br>Richmond, VA 23223-7814 |
| Rockingham Memorial Hospital<br>235 Cantrell Aveune<br>Harrisonburg, VA 22801-3293 | Shenandoah Medical Imaging<br>P.O. Box 1807<br>Winchester, VA 22604-8307 | Shenandoah Memorial Hospital<br>759 South Main Street<br>Woodstock, VA 22664-1127 |
| Stellar Credit Collections<br>P.O. Box 2210<br>Southgate, MI 48195-4210 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Target National Bank<br>P.O. Box 59317<br>Minneapolis, MN 55459-0317 |
| The Cumberland Law Firm, P.L.L.C.<br>1010 Pendleton Street<br>Alexandria, VA 22314-1837 | Thomas Breeden P.C.<br>10326 Lomond Drive<br>Manassas, VA 20109-3114 | U.S. Bank<br>P.O. Box 5227<br>Cincinnati, OH  45202 |
| United Recovery Systems LP<br>P.O. Box 722929<br>Houston, TX  77272-2929 | VCS Inc.<br>P.O. Box 83<br>Staunton, VA  24402-0083 | W. Tyler Mistr, DDS PLC<br>1817 Plaza Drive<br>Winchester, VA 22601-6365 |
| Warren Memorial Hospital<br>P.O. Box 2200<br>Winchester, VA 22604-1400 | Winchester Open MRI<br>P.O. Box 2718<br>Winchester, VA 22604-1918 | Zwicker & Associates, P.C.<br>P.O. Box 101145<br>Birmingham, AL  35210-6145 |
| Zwicker And Associates<br>P.O. Box 101145<br>Birmingham, AL  35210-6145 | eCAST Settlement Corporation, assignee<br>of Citibank (South Dakota), N.A.<br>POB 29262<br>New York, NY 10087-9262 | Danette G Kesner<br>991 Seldon Drive<br>Strasburg, VA 22657-2851 |
| Daniel M. Press<br>Chung & Press PC<br>6718 Whittier Ave Suite 200<br>McLean, VA 22101-4531 | Eric K Kesner<br>991 Seldon Drive<br>Strasburg, VA 22657-2851 | Herbert L Beskin(82)<br>PO Box 2103<br>Charlottesville, VA 22902-2103 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| BB&T<br>P.O. Box 1847<br>Wilson, NC 27894-1847 | Perry And Associates<br>10400 Eaton Place, Ste. 420<br>Fairfax, VA  22030 |

**United States Bankruptcy Court**
**Western District of Virginia**

**IN RE:** Case No. **10-51012**

**Kesner, Eric K & Kesner, Danette G** Chapter **13**

*Debtor(s)*

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Capital One Auto Finance** Inc. , Attn: Corporation Service Co., Reg Agt., 11 S 12th St, PO Box 1463, Richmond VA 23218
*Name of Creditor*

**2007 Toyota Yaris**
*Description of Collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (check one):

☒ To value your collateral. **See Section 3 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 7 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. **You should read the attached plan carefully for the details of how your claim is treated.** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: 9/29/10
Date and time of confirmation hearing:10/6/10 at 10:00 am
Place of confirmation hearing:United States Bankruptcy Court, 116 N. Main St, 3rd Floor, Harrisonburg, VA 22802

**Kesner, Eric K & Kesner, Danette G**
*Name(s) of debtor(s)*

By: */s/ Daniel M. Press*

☒ Debtor(s)' Attorney
☐ Pro se debtor

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or
☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **27th** day of **August** , **2010**.

*/s/ Daniel M. Press*

*Signature of attorney for debtor(s)*

**United States Bankruptcy Court**
**Western District of Virginia**

**IN RE:** Case No. **10-51012**

**Kesner, Eric K & Kesner, Danette G** Chapter **13**

Debtor(s)

## SPECIAL NOTICE TO SECURED CREDITOR

To: GMAC Mortgage, LLC, Attn: Corporation Service Co., Reg Agt., 11 S 12th St, PO Box 1463, Richmond VA 23218
*Name of Creditor*

**991 Seldon Drive, Strasburg VA (Debtors' Residence)**
*Description of Collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (check one):

☒ To avoid your lien as wholly unsecured under 11 USC § 506 (a) and (d). See section 7B of the plan.

☐ To value your collateral. **See Section 3 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 7 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. **You should read the attached plan carefully for the details of how your claim is treated.** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: 9/29/10
Date and time of confirmation hearing: 10/6/10, 10:00 am
Place of confirmation hearing: United States Bankruptcy Court, 116 N. Main St, 3rd Floor, Harrisonburg, VA 22802

**Kesner, Eric K & Kesner, Danette G**
*Name(s) of debtor(s)*

By: */s/ Daniel M. Press*

☒ Debtor(s)' Attorney
☐ Pro se debtor

### CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or
☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **27th** day of **August** , **2010**.

*/s/ Daniel M. Press*

*Signature of attorney for debtor(s)*

**B6I (Official Form 6I) (12/07)**

IN RE **Kesner, Eric K & Kesner, Danette G**                                              Case No. **10-51012**
                                 Debtor(s)                                                                                 (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
| --- | --- | --- |
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Daughter**<br>**Son**<br>**Daughter** | AGE(S):<br>**17**<br>**13**<br>**8**<br>**6** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
| --- | --- | --- |
| Occupation | **Computer Analyst** | **Social Worker** |
| Name of Employer | **Computer Access LLC** | **Shenandoah County Dept Social Services** |
| How long employed | **8 years** | **1 years and 6 months** |
| Address of Employer | **317 Bross Street**<br>**Longmont, CO  80501-0000** | **600 N. Main Ste 108**<br>**Woodstock, VA  22664** |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
| --- | ---: | ---: |
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ **5,820.88** | $ **2,953.83** |
| 2. Estimated monthly overtime | $ | $ |
| **3. SUBTOTAL** | $ **5,820.88** | $ **2,953.83** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | $ **723.45** | $ **808.77** |
| b. Insurance | $ | $ |
| c. Union dues | $ | $ |
| d. Other (specify) **See Schedule Attached** | $ | $ **530.16** |
|  | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ **723.45** | $ **1,338.93** |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ **5,097.43** | $ **1,614.90** |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) | $ | $ |
|  | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) | $ | $ |
|  | $ | $ |
|  | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ **5,097.43** | $ **1,614.90** |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)       $ **6,712.33**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Kesner, Eric K & Kesner, Danette G                                    Case No. **10-51012**
Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

|  | DEBTOR | SPOUSE |
|---|---|---|
| Other Payroll Deductions: | | |
| **Group** | | **15.36** |
| **Hospital** | | **414.80** |
| **Christmas Club** | | **100.00** |

B6J (Official Form 6J) (12/07)

IN RE **Kesner, Eric K & Kesner, Danette G** _____ Case No. **10-51012** _____
                                 Debtor(s)                                                (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ **1,890.21** |
|     a. Are real estate taxes included?   Yes ✓   No ___ | |
|     b. Is property insurance included?   Yes ✓   No ___ | |
| 2. Utilities: | |
|     a. Electricity and heating fuel | $ **185.00** |
|     b. Water and sewer | $ **150.00** |
|     c. Telephone | $ **100.00** |
|     d. Other **See Schedule Attached** | $ **360.00** |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ **200.00** |
| 4. Food | $ **1,000.00** |
| 5. Clothing | $ **300.00** |
| 6. Laundry and dry cleaning | $ **20.00** |
| 7. Medical and dental expenses | $ **250.00** |
| 8. Transportation (not including car payments) | $ **570.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ **150.00** |
| 10. Charitable contributions | $ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ |
|     b. Life | $ **96.00** |
|     c. Health | $ |
|     d. Auto | $ **100.00** |
|     e. Other _____ | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|     (Specify) **Personal Property Tax** | $ **20.00** |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto | $ |
|     b. Other **Orthodontist Payments** | $ **164.00** |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other **Child Care (Paid To Older Children For Younger Children)** | $ **150.00** |
|         **Pet Care** | $ **50.00** |
|         **Cushion For Unspected** | $ **80.00** |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.    $ **5,835.21**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**roof repair and furnace replacement is required**

**$500 insurance deductible for roof (insurance pays balance)**
**$6500 for furnace**

**Spread over 12 months, a deduction of $5,83 month is taken on line 3 (Repairs & Maintenance) Also included on this line is $50 for general home maintenance.**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ **6,712.33** |
|     b. Average monthly expenses from Line 18 above | $ **5,835.21** |
|     c. Monthly net income (a. minus b.) | $ **877.12** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Kesner, Eric K & Kesner, Danette G                                        Case No. **10-51012**
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Utilities (DEBTOR)
| | |
|---|---:|
| **Cell Phone** | **225.00** |
| **Satellite** | **90.00** |
| **Drinking Water** | **45.00** |